# IN THE COURT OF APPEALS OF IOWA

No. 15-1815
Filed September 13, 2017

**MARTIN SHANE MOON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clarke County, Gary G. Kimes, Judge.

An applicant appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**VOGEL, Presiding Judge.**

Martin Moon appeals the district court's summary dismissal of his second application for postconviction relief (PCR) based on the applicable statute of limitations. Moon was convicted of first-degree murder in June 2000. This court affirmed his conviction in April 2002, *see State v. Moon*, No. 00-1128, 2002 WL 663486, at *1 (Iowa Ct. App. Apr. 24, 2002), and procedendo was issued in July 2002 following that appeal. Moon filed his first PCR application in October 2002, which was denied by the district court, and the district court's denial was affirmed by this court in May 2007. *See Moon v. State*, No. 05-0816, 2007 WL 1345732, at *10 (Iowa Ct. App. May 9, 2007).

In January 2012, Moon filed his second PCR application—the application at issue in this matter. He claimed newly discovered evidence requires the vacation of his conviction and sentence. The district court rejected this assertion, granting the State's motion for summary dismissal of this PCR application. Moon appeals.

All actions for postconviction relief must be filed no later than three years from the date the conviction is final or, in the event of an appeal, from the date procedendo is issued. *See* Iowa Code § 822.3 (2011). The procedendo following Moon's direct appeal was issued in July 2002, almost ten years before Moon's current PCR application. However, the three-year statute of limitations will not bar a PCR application if there is "a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Moon claims he recently received information from a person by the name of Brandon Lee Boone that justifies the late filing of this PCR application. In

support of his claim, Moon submitted an affidavit from Boone where Boone admitted he lied to police in 1998 and 1999 implicating Moon in the murder at the behest of another individual by the name of Casey Brodsack.[1] Moon claimed he never received any police reports regarding the statements Boone made to police, which he claimed was a *Brady*[2] violation. He also claims he is entitled to a new trial in light of this newly discovered evidence of Boone's recantation.

Our review of the district court's summary dismissal of a PCR application is for the correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To satisfy the ground-of-fact exception to the three-year statute of limitations, an applicant must prove "the alleged ground of fact could not have been raised earlier, . . . [and] a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

> This additional [nexus] requirement is based on the common sense conclusion that it would be absurd to toll the statute of limitations pending the discovery of a trivial fact that could not possibly affect the challenged conviction. Accordingly, we have held that an "exonerating ground of fact must . . . be 'relevant and . . . likely [to] change the result of the case.'"

*Id.* (second alteration in original) (citations omitted). As used in this test, "relevant" means "the ground of fact must be of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section

---

[1] Brodsack pled guilty to second-degree murder in exchange for testifying against Moon at the murder trial. *Moon*, 2002 WL 663486, at *1. Brodsack testified Moon lured the victim into the basement of an abandoned farmhouse, where Moon shot the victim and then demanded Brodsack also shoot the victim. *Id.* The victim's body was then dumped into a cistern, where it went undetected for nine years. *Id.*

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

822.2." *Id.* at 521. The applicant does not need to "show the ground of fact would likely or probably have changed the outcome of the underlying criminal case in order to avoid a limitations defense." *Id.* This final determination must await an adjudication on the merits of the case. *Id.*

Boone was disclosed as a witness in the minutes of testimony in the underlying criminal case. The minutes stated the State anticipated Boone would testify that he was in prison with Moon in 1995 or 1996 and that during that time Moon confessed his involvement in the murder. However, Moon's trial counsel moved to exclude Boone from testifying at trial, noting the State had advised Boone was refusing to cooperate and Moon had not had an opportunity to depose Boone. Moon asserted the admission of any statement made by Boone to police was hearsay and violated his Sixth Amendment confrontation rights. The State responded to Moon's motion to exclude by noting it had given Moon the police report containing Boone's interview, Boone had refused to be interviewed since his arrest as a material witness, and the State was unaware whether Boone would cooperate at the time of trial. The record is unclear as to the trial court's ruling on Moon's motion to exclude, but ultimately, Boone did not testify at trial. While prior to the 2000 trial, Moon may not have been aware of the precise claims Boone made in the 2011 affidavit—that Brodsack had prepared him to give false statements implicating Moon in the murder—Moon was at least aware as early as the time of trial that Boone, the State's witness, was no longer cooperating with the State.

Even if the alleged ground of fact could not have been raised earlier, we conclude this ground of fact lacks the necessary nexus with the conviction. *See*

*id.* at 520. Boone did not testify against Moon at trial. At most, Boone's affidavit casts doubt on the credibility of the testimony of Brodsack by indicating Brodsack may have attempted to strong-arm Boone into providing false testimony implicating Moon in the murder. However, for the ground-of-fact exception to apply, the newly discovered fact "must be of the type that has the *potential* to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* at 521 (emphasis added). Boone's affidavit does not have the potential to qualify as material evidence because it only impeaches the credibility of Brodsack. *See id.* at 516 (noting to prevail on a claim of newly discovered evidence a defendant must prove the evidence is material to the case and not merely cumulative or impeaching).

Because Boone's affidavit does not satisfy the ground-of-fact exception to the statute of limitations, we affirm the district court's summary dismissal of Moon's second PCR application.

**AFFIRMED.**